UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-1345-GMB |
| | ) |
| RAILROAD RETIREMENT BOARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff David Powell filed this *pro se* complaint against the Railroad Retirement Board alleging that the Board refused to terminate spousal benefits for his ex-wife pursuant to 28 U.S.C. § 231(m)(3)(B). Doc. 1. In response, the Board filed a motion to dismiss for lack of subject matter jurisdiction. Doc. 8. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 15. For the reasons to follow, the motion to dismiss is due to be granted.

### I. STANDARD OF REVIEW

Subject matter jurisdiction is the statutorily conferred power of the court to hear a class of cases. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) take two forms: "facial attacks" and "factual attacks." *Lawrence*

*v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

Regardless of the form of the attack, *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). It remains Powell's burden to show that the court has jurisdiction over his claims. *See* Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Powell divorced his ex-wife and she remarried. Doc. 1 at 11–13, 15. In 2002, the Circuit Court of Cook County, Illinois, Domestic Relations Division, issued an order granting a portion of Powell's Railroad Retirement benefits to his ex-wife as community property from their divorce. Doc. 1 at 15–16. Following that order, the Board sent a letter to Powell's divorce attorney notifying him that it would comply with the state-court order. Doc. 9-1.

Later, the Board notified Powell that his monthly annuity payments would change because of the state court's order. Doc. 9-2. Powell requested reconsideration of this decision and a reconsideration specialist responded that the Board was "required to withhold a portion of [his] annuity pursuant to a court-ordered property settlement that was entered on July 31, 2002 and approved by [its] Office of General Counsel in August 2002." Doc. 1 at 18. The reconsideration specialist explained that the "court order does not state that remarriage would result in the termination of the reduction." Doc. 1 at 18.

Powell sent two additional letters to the Board arguing that his ex-wife should not be receiving a portion of his benefits. Doc. 1 at 11–13. Powell claimed that the Board's regulations "clearly stated, upon re marriage [my ex-wife's] benefits stop, with no mention of any order of any Court." Doc. 1 at 13. The General Counsel for the Board responded to Powell's letters and confirmed that the state-court order granted a portion of his benefits to his ex-wife. Doc. 1 at 20.

Powell filed the instant action on October 8, 2021. Doc. 1. Powell describes his claims as negligent misrepresentation, age discrimination, and contempt of court, but all relate to the Board's decision to pay some of his benefits to his ex-wife. Doc. 1 at 5–6. He served the Board at its Birmingham, Alabama, office on November 8. Doc. 4. With no response by the Board, Powell filed a motion for entry of default on December 17. Doc. 6. The Board filed its motion to dismiss while the

3

motion for default remained pending. Doc. 8. The court later denied Powell's motion for entry of default. Doc. 10.

### III. DISCUSSION

The Board argues that the court lacks subject matter jurisdiction over this action for three reasons: (1) Congress vested exclusive jurisdiction in the United States Courts of Appeals over the Board's final decisions, (2) the Board has not issued a final decision on Powell's claims, and (3) federal jurisdiction is barred under the *Rooker-Feldman* doctrine. Doc. 9. The court does not reach the second and third questions because the first is determinative of its subject matter jurisdiction. Simply put, there is no scenario in which a district court has jurisdiction to hear Powell's challenge to the Board's decision.[1]

Powell did not respond substantively to the arguments in the Board's motion. He instead argues that the motion to dismiss is untimely (Doc. 23 at 1), but there is no basis for concluding that the Board's motion is time barred. As best the court can discern, Powell is claiming that the court should have entered a default judgment against the Board instead of permitting it to file a motion to dismiss. *See* Doc. 23 at 1 (arguing that he "did serve the Defendant in the allotted time period . . . . [and] Defendants['] motion to dismiss is proven time barred"). It is true that the Board

---

[1] The court considers the Board's motion to be a facial attack to its jurisdiction, and therefore has "considered only the complaint and the attached exhibits." *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).

did not appear until after Powell filed a motion for entry of default. Docs. 6–8. Leaving aside the question of whether this court would have had the authority to enter a default judgment if it has no subject matter jurisdiction over this action, the court denied the motion for entry of default because Powell had not included an affidavit or otherwise established that he had properly served the Board's registered agent. Doc. 10 (citing Fed. R. Civ. P. 4(l)(1), 55(a), and 55(b)(1)). Thus, the court already rejected Powell's request for an entry of default and never reached the stage of the proceedings where it would have considered a default judgment. Powell offers no basis for revisiting that decision. The court now turns to the merits of the Board's arguments related to subject matter jurisdiction.

The Board is an independent government agency established by the Railroad Retirement Act of 1937 ("RRA"). 45 U.S.C. § 2319(f)(a). The RRA provides benefits to railroad employees who complete enough years of service and either reach a certain age or become disabled. 45 U.S.C. § 231(a)(1), (b); *see also Salinas v. U.S. R.R. Retirement Bd.*, 141 S. Ct. 691, 694 (2021). "To administer benefits under the RRA, the board has implemented a multistep system of administrative review." *Salinas*, 141 S. Ct. at 694. A claimant first applies for benefits and receives a decision from the appropriate division of the Board. *Id.* at 695. If the division denies the petition for benefits, the claimant may appeal to the Reconsideration Section and then, in turn, to the Board's Bureau of Hearings and Appeals. 20 C.F.R.

§ 260.5(a); *Salinas*, 141 S. Ct. at 695. If the Bureau denies the claim, the claimant's last administrative appeal is to the Board itself. 20 C.F.R. § 260.9; *Salinas*, 141 S. Ct. at 695. Once the Board has made its final decision, the claimant may seek judicial review, but only by filing a petition in certain United States Courts of Appeals. *See* 45 U.S.C. § 355(f).

Here, the Board argues that Powell's state-court divorce order is not a final Board decision. *See* Doc. 9 at 9–11; *see also Salinas*, 141 S. Ct. at 697 (defining "final decision" as one that "'both mark[s] the consummation of the agency's [decision making] process and (2) is one by which rights or obligations have been determined, or from which legal consequences will flow'") (quoting *Smith v. Berryhill*, 139 S. Ct. 1765, 1775–76). The Board raised this issue because judicial review is available only for final Board decisions. *Salinas*, 141 S. Ct. at 696–97. Ultimately in Powell's case, however, the final-decision question is academic. Even if the court were to assume that Powell has exhausted his administrative remedies and his appeal challenges a final decision of the Board, he must file his judicial appeal in one of three courts: the "court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office," the Seventh Circuit, or the District of Columbia Circuit. 45 U.S.C. § 355(f). Congress thus did not vest the district courts with jurisdiction over Board appeals. *Denberg v. U.S. R.R. Retirement Bd.*, 696 F.2d 1193, 1197 (7th

Cir. 1983) (holding that the courts of appeals have exclusive subject matter jurisdiction over an appeal of the Board's denial of an application for benefits). Without subject matter jurisdiction, this court must dismiss Powell's claims.

Although the court has determined that it lacks jurisdiction over this action, its discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted). Where a more carefully drafted pleading might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, a district court need not allow an amendment where, among other reasons, the "amendment would be futile." *Id*.

Amendment would be futile for Powell because the district courts have no jurisdiction over appeals of the Board's decisions. 45 U.S.C. § 355(f); *see Boyd v. Warden, Holman Corr. Fac.*, 856 F.3d 853, 864 (11th Cir. 2017) ("An amendment is considered futile when the claim, as amended, would still be subject to dismissal."). Powell's problem is not a simple failure of careful pleading. Any amendment to Powell's compliant still would state a challenge to Board action, and still would be subject to dismissal under Rule 12(b)(1) because the district courts do

not have jurisdiction over these appeals. Accordingly, the court concludes that amendment would be futile.

## IV.  CONCLUSION

For these reasons, Defendant Railroad Retirement Board's motion to dismiss (Doc. 9) is due to be GRANTED, and all claims asserted by Plaintiff David Powell are due to be DISMISSED without prejudice.

A final judgment will be entered separately.

DONE and ORDERED on July 6, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE